## ANTON SCHMID *vs.* LAURA M. SPICER.

HUSBAND AND WIFE—ACCOMMODATION INDORSEMENT—AGENCY OF HUS-
BAND FOR WIFE.

Where a wife indorsed her husband's note for his accommodation, in
order that he might make a transfer of certain property concerning which she
received no benefit whatever, and in making the transfer he did not act as
her authorized agent, she was not liable on the indorsement.

*(December 15, 1914.)*

Judges BOYCE and RICE sitting.
*Harry Emmons* for plaintiff.
*Robert G. Harman* for defendant.
Superior Court, New Castle County, November Term, 1914.

Action by Anton Schmid against Laura M. Spicer. Verdict
for defendant.

ACTION OF ASSUMPSIT (No. 21, May Term, 1912, alias No. 2,
September Term, 1912), on a promissory note made by George
W. Spicer, Jr., now deceased, to McDonnell Stout Company, for
one thousand five hundred and seventy-five dollars and twenty-
eight cents, with interest from October 1, 1911, subject to a credit
of one hundred dollars, brought by Anton Schmid, indorsee,
against Laura M. Spicer, indorser.

The narr. is in the usual form of indorsee against indorser.
Plea non assumpsit, and a special plea alleging, in substance,
that the note was made by George W. Spicer, Jr., husband of the
defendant, for his indebtedness, and that the defendant was an
accommodation indorser, without consideration.

The plaintiff admitted the relation of husband and wife
between the maker and indorser of the note, but denied that it
was given for the debt of the husband, and contended that the
note was made and indorsed for the benefit of the defendant.

The plaintiff introduced evidence to show that some time
before the note was given, the McDonnell Stout Company, silk
manufacturers, had dealings with the Marshallton Silk Manufac-
turing Company; that the defendant owned the land upon which
the plant of the latter company was erected; that the former

company held a chattel mortgage against the latter company to recover a debt of two thousand two hundred dollars, besides having a claim for other unsecured indebtedness; that the husband of the defendant, as owner and manager of the latter company and as agent of his wife, the defendant, represented to the McDonnell Stout Company, about October 25, 1910, that he had arranged for the sale of his plant and the land upon which it was erected, and requested the company to satisfy its chattel mortgage, so that he and his wife might effect the sale of the plant and the land to the prospective purchaser; that the husband of the defendant as such manager and agent agreed, in consideration of the satisfaction of the mortgage, to pay a certain part of the indebtedness of his company, and to secure the balance thereof by his promissory note indorsed by his wife; that the chattel mortgage was satisfied, part of the said indebtedness was paid, and the note sued upon in this action was given for the balance; that shortly after the note became due one hundred dollars was paid thereon, but nothing has since been paid.

The plaintiff offered in evidence against objection, subject to be stricken out on application of the defendant, the records of certain conveyances to the defendant for the lands upon which the Marshallton Silk Manufacturing Company plant was erected, to show that the defendant had an interest in having the chattel mortgage satisfied; also the records of the sale of the property; but no direct testimony was introduced to show that the husband had any authority to act as agent for his wife in the transaction.

It was contended that the facts and circumstances were sufficient to establish the relation of principal and agent between the husband and his wife, the defendant, and to show that the defendant had such a beneficial interest in the transaction as to bind her by her indorsement of the note, the same as if she had been the maker thereof for her own benefit.

The plaintiff called the defendant as a witness who testified that her husband was not her agent in arranging for the satisfaction of the chattel mortgage, or in the making of the note; that it was given for his debt; that she derived no benefit from it,

Opinion.

and that she indorsed it at his solicitation solely for his benefit and as an accommodation to him.

When the plaintiff had rested, counsel for the defendant moved for binding instructions to the jury for several reasons, but chiefly for the reason that it had been shown that the defendant indorsed the note sued upon merely as an accommodation indorser for the benefit of her husband and was not therefore liable on the note, citing *Kohn v. Collison*, 1 *Marv.* 109, 27 *Atl.* 834; *Wright v. Parvis & Williams Co.*, 1 *Marv.* 325, 40 *Atl.* 1123; *Warder, Bushnell & Glessner Co. v. Stewart*, 2 *Marv.* 275, 36 *Atl.* 88; *Forbes v. Thompson*, 2 *Penn.* 530, 47 *Atl.* 1015; *Masten v. Herring*, 6 *Penn.* 282, 66 *Atl.* 368; *Vincent v. Ireland*, 2 *Penn.* 580, 49 *Atl.* 172, and *Eliason v. Draper*, 2 *Boyce* 1, 77 *Atl.* 572.

Boyce, J., delivering the opinion of the court:

The Marshallton Silk Manufacturing Company, owned and managed by the husband of the defendant, was engaged in the manufacture of silk at Marshallton, this county, and had dealings with the McDonnell Stout Company, silk dealers, which latter company had held a chattel mortgage upon the property of the first mentioned company for some years before the note sued upon in this action was made.

It appears that previous to the making of the note the husband of the defendant represented to the McDonnell Stout Company, the payee in the note, that he had a purchaser for his silk mill and the land on which it was erected, belonging to his wife, and he requested the company to satisfy its chattel mortgage, agreeing, if satisfaction thereof should be made so that he might effect the sale of the property, to pay a portion of his indebtedness to McDonnell Stout Company, and to secure the balance by his promissory note indorsed by his wife. The chattel mortgage was satisfied; the property was sold; payment of a part of the indebtedness was made; and the note sued upon was given for the balance of the indebtedness, indorsed by the defendant. But it does not appear from the evidence that the defendant was present, or had any knowledge of the negotiation between the parties, or that her husband had any authority as her agent to bind her.

On the other hand, the defendant when called by the plaintiff testified to the effect that she indorsed the note in question as an accommodation indorser only; that she did not receive any benefit therefrom whatever; that she indorsed the note at the request and upon the representation of her husband that it would be a benefit to him; and that the note was given for the debt of the Marshallton Silk Manufacturing Company, which was conducted by her husband and with which she had nothing to do whatever.

Under the facts shown, it is quite clear to the court that the agency relied upon by the plaintiff has not been established; and it is equally clear that the defendant indorsed her husband's note as an accommodation indorser.

The plaintiff cannot, therefore, have a recovery in this action. *Kohn v. Collison*, 1 *Marv.* 109, 27 *Atl.* 834.

Gentlemen of the jury:—The court instruct you to return a verdict for the defendant.

Verdict for the defendant.